**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


Lance Jermaine Harris,                                         Case No. 3:23-cv-566

       Plaintiff

     -v-                                                        **ORDER**

United States of America, *et al.*,

       Defendants



     *Pro se* Plaintiff Lance Harris filed this action against the United States and United States

Attorney General Merrick Garland. His thirty-four page Complaint (Doc. 1) and its multiple

attachments consist of an incomprehensible amalgam of legal assertions and claims.

     It appears that Plaintiff is asserting damage claims against Defendants on the basis that

the District Court lacks jurisdiction in a pending federal criminal prosecution against him. (*See

id.*, pgID 12); *United States v. Harris*, No. 3:21-cr-00828-JRK (N.D. Ohio). He contends that he

is outside of the jurisdiction of the federal government; also that the federal prosecutor breached

a fiduciary duty and/or committed other torts by proceeding with the criminal case against him.

     Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(6) on the grounds that he has failed to state a claim upon which relief may be granted

under the Federal Tort Claims Act ("FTCA"). (Doc. 5). Plaintiff has filed a response. (Doc. 6).

For the following reasons, I grant Defendant's Motion.

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555.

Although I am to liberally construe *pro se* pleadings, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), this lenient treatment "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To avoid dismissal, a *pro se* complaint must still satisfy Rule 12(b)(6). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Courts need not conjure unpleaded facts or construct claims on behalf of *pro se* plaintiffs. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citation omitted).

**Discussion**

Despite my liberal construal of it, Plaintiff's Complaint fails to state a claim. The Complaint and its exhibits are subject to dismissal on that basis. *See Brown v. Suppes*, No. 2:16-CV-13725, 2016 WL 7242146, at *2 (E.D. Mich. Dec. 15, 2016) (rambling and confusing complaints are subject to dismissal) (collecting cases).

The Sixth Circuit and other courts have "routinely rejected as frivolous" challenges to jurisdiction in a criminal case based on claims that a criminal defendant is a natural man, a sovereign citizen, or a private human being. *Kinstle v. Bunting*, No. 3:13CV998, 2016 WL 3668027, at *4 (N.D. Ohio July 11, 2016) (collecting cases). Plaintiff appears to raise similar contentions in his Complaint.

Additionally, "[a]bsent a waiver, sovereign immunity shields the [United States] and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("[T]he United States cannot be sued at all without the consent of Congress.").[1] The United States has not waived its immunity to suits for violations of federal law under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).

The FTCA "provides a limited sovereign immunity waiver and subject matter jurisdiction" for plaintiffs to pursue certain torts against the United States. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). But a jurisdictional prerequisite to filing a claim under the FTCA is that the plaintiff must first exhaust administrative remedies. *See Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff's pleadings do not indicate that he has filed an administrative claim regarding any tort he seeks to assert in the case. Therefore, any such claim is subject to dismissal for this reason as well. *See Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("[I]f the

---

[1] Suits against federal employees in their official capacity are generally treated as suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).

3

administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction.").

**Conclusion**

Based on the foregoing, it is, therefore, ORDERED THAT Defendants' Motion to Dismiss (Doc. 5) is granted. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr_____
James G. Carr
Sr. United States District Judge